IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY PENDOLINO, | ) | |
| | ) | |
| | ) | Case No. 10-cv-5916 |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Judge Pallmeyer |
| v. | ) | Mag. Judge Gilbert |
| | ) | |
| BAC HOME LOANS SERVICING, LP, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BAC HOME LOANS SERVICING, L.P.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant BAC Home Loans Servicing, L.P. ("BAC"), through undersigned counsel, submits this memorandum in support of its Motion to Dismiss Plaintiff's First Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

**I.     INTRODUCTION AND BACKGROUND**

On September 17, 2010, Plaintiff Anthony Pendolino ("Plaintiff") filed his initial complaint against BAC "("Original Complaint"). [Dkt. #1.] However, this Court dismissed Plaintiff's Original Complaint with instructions to re-file the "claim in brief, numbered paragraphs." [Dkt. # 7.] On October 15, 2010, Plaintiff filed his First Amended Complaint ("Amended Complaint") naming BAC as the sole defendant in the action. [Dkt # 15 ("Am. Compl.").] The Amended Complaint asserts the following causes of action: (1) breach of fiduciary duty; (2) "negligence / negligence per se;" (3) "common law fraud;" (4) "fraud by non-disclosure;" (5) "breach of the implied covenant of good faith and fair dealing;" (6) "violation of

the Truth in Lending Act" ("TILA"); and (7) intentional infliction of emotional distress. (Am. Compl. ¶¶ 90-123.) The gist of Plaintiff's Amended Complaint seems to be that the disclosures provided to him at the closing of his March, 2007 loan allegedly "used terms of art in the form of legalese by including words that had a common meaning in everyday usage, but a different meaning when used in legal documents." (Am. Compl. ¶ 13.) However, Plaintiff's Amended Complaint, like the Original Complaint, is completely devoid of specific facts and is legally deficient. Significantly, aside from the caption of the Amended Complaint, BAC is mentioned in exactly <u>one</u> other instance. (Am. Compl. ¶ 1.) Instead of pleading specific facts against BAC, Plaintiff has lumped in BAC with the amorphous "Lenders." (*See generally* Am. Compl.)

## II. LEGAL ANALYSIS

### A. *Legal Standard.*

Under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), a complaint should be dismissed if it "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In order to state a claim, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. *See Iqbal*, 129 S. Ct. at 1949. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In this case, Plaintiff's claims are wholly unsupported by factual allegations that would put BAC on notice of the claims against it. Moreover, as currently pled, several of Plaintiff's claims fail as a matter of law. Accordingly, the Amended Complaint should be dismissed with prejudice.

> **B.** ***Plaintiff's Complaint Against BAC Must Be Dismissed Because There Are No Specific Allegations Against BAC.***

The Amended Complaint does not plead any specific allegations against BAC. (*See generally* Am. Compl.) In lieu of specific factual allegations against BAC, all of the allegations are pled against the nebulous "Lenders" or "Lender et al" even though Countrywide Home Loans, Inc., Chicago Title Insurance Co., "Fidelity," "Citigroup," "Homeq" and BAC are separate legal entities. (*See* Am. Compl. ¶¶ 4, 90, 97.) Plaintiff also attempts to lump BAC into the same category of entities as the unidentified "Appraiser," the "Underwriter," the "Closing Agent," the "Trustee," and the "Agent," and provides the Court with the following explanation as to why this deficiency should be overlooked or ignored by the Court:

> Plaintiff did not name Agent, Appraiser, Underwriter, Closing Agent, et [*sic*], as said actors are not necessary parties. In the interest of judicial economy, Plaintiff only specifically named the party presently claiming agency and standing to enforce the note. If said Lender has reason to believe that others are liable, Lender is certainly free to cross-complaint in order to lessen the potential financial burden on Lender.

(Am. Compl. ¶ 27.)

In *Yocum v. Dixon*, 729 F. Supp. 616, 617 (C.D. Ill. 1990), the plaintiff named a U.S. Senator along with numerous judges from the United States District Court for the Central District of Illinois. Although the plaintiff named these individuals as defendants in the caption of his lawsuit, the body of the complaint, with the exception of one allegation, was devoid of any comprehensible allegations against the individuals. *Id.* at 618. The *Yocum* court, accordingly,

dismissed the complaint pursuant to Rule 12(b)(6) for failure to state a cause of action. *Id.* Like the complaint in *Yokum*, Plaintiff's Amended Complaint does not assert specific allegations against BAC. (*See generally* Am. Compl.) Instead, the Amended Complaint, in scatter shot style, attributes the alleged acts of the "Lenders" against BAC without explaining exactly how BAC ties into Plaintiff's claims. (*See generally* Am. Compl.) Accordingly, the Amended Complaint against BAC must be dismissed pursuant to Rule 12(b)(6) for failure to state a cause of action.

  **C.**   ***The Claims Against BAC Should Be Dismissed Because BAC And Countrywide Home Loans, Inc. Are Separate, Distinct Legal Entities.***

Plaintiff's attempt at imputing the acts of Bank of America Corporation and Countrywide Home Loans, Inc. to BAC fails.[1]

As a general rule, a parent company and its subsidiary are "two separate entities and the acts of one cannot be attributed to the other." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000). The legal separation of two distinct corporate entities may only be disregarded when the circumstances are such "that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Van Dorn Co. v. Future Chem. & Oil Corp.*, 753 F.2d 565, 570 (7th Cir. 1985). In his Amended Complaint, Plaintiff has not alleged any facts that would allow him to pierce the corporate veil between Bank of America Corporation and Countrywide Home Loans, Inc. and thus render Bank of America Corporation liable for the actions of its subsidiary, let alone BAC as a sister company to Countrywide Home Loans, Inc.

The U.S. District Court for the Northern District of California recently considered this issue in a case involving nearly identical parties. In *Pantoja v. Countrywide Home Loans, Inc.*,

---

[1] Bank of America Corporation, parent company of BAC, acquired Countrywide Home Loans, Inc. and is, thus, now Countrywide Home Loans, Inc.'s parent company.

the court granted Bank of America Corporation's motion to dismiss where the sole allegation against it was that Bank of America Corporation was the parent of Countrywide Home Loans, Inc. *Pantoja*, 640 F. Supp. 1177, 1192 (N.D. Cal. 2009). As stated by the court in *Pantoja*, "a parent corporation contributing funds to a subsidiary is not enough to find alter ego or agency liability." 640 F. Supp. at 1192 (emphasis added); *see also Gass v. Anna Hosp. Corp.*, 911 N.E.2d 1084, 1090 (Ill. App. Ct. 2009) (a subsidiary is a separate and distinct legal entity); *Main Bank of Chicago v. Baker*, 427 N.E.2d 94, 101 (Ill. 1981) (it is well-established that a corporation is separate and distinct as a legal entity from its shareholders, directors and officers and, generally, from other corporations with which it may be affiliated).

Here, the basis of Plaintiff's claims against BAC appears to be Bank of America Corporation's status as Countrywide Home Loans, Inc.'s parent company. Plaintiff has not provided any explanation as to why BAC is named as a Defendant. These allegations are insufficient to support the claims against BAC and, accordingly, the claims against it should be dismissed.

    **D.** *Plaintiff's Claims Should Be Dismissed Because They Are Both Improperly Pled And Fail As A Matter Of Law.*

In addition to the bases for dismissal set forth in Sections B and C, *supra*, the claims against BAC fail because they are improperly pled and/or not supported by law.

    (1)    <u>Plaintiff's Breach Of Fiduciary Duty Claim Fails As A Matter Of Law.</u>

Plaintiff's breach of fiduciary claim should be dismissed with prejudice. Illinois law is well-established that there is no general duty of care between a lender and a borrower. *See Whitley v. Taylor Bean & Whitacker Mortg. Corp.*, 607 F. Supp. 2d 885, 902 (N.D. Ill. 2009); *Willmott v. Fed. St. Advisors, Inc.*, 2008 U.S. Dist. LEXIS 46855, at \*24 (N.D. Ill. June 17, 2008) ("a creditor owes no fiduciary duty to a debtor"). Additionally, courts have held that the

"relationship between a lender and a borrower under a contract is not a fiduciary relationship in which the lender owes a duty of care." *ARH Distribrs. v. ITT Fin. Corp.*, 1987 U.S. Dist. LEXIS, at *9 (N.D. Ill. September 24, 1987) (citing *Bank Computer Network Corp. v. Cont'l Illinois Nat'l Bank & Trust Co.*, 442 N.E.2d 586, 594 (Ill. App. Ct. 1982)); *see also Throp v. Bell Fed. Sav. & Loan Ass'n*, 370 N.E.2d 188, 195-96 (Ill. 1977) (a conventional mortgagor-mortgagee relationship standing alone does not give rise to a fiduciary or confidential relationship). Thus, it is clear that BAC does not owe Plaintiff a duty of care, let alone a fiduciary one, and Plaintiff's claim should be dismissed with prejudice.

(2) <u>Plaintiff's Negligence/Negligence Per Se Claim Fails Because It Does Not Allege Sufficient Facts To State A Viable Cause Of Action.</u>

a. *BAC Did Not Owe Plaintiff A Duty Of Care.*

Plaintiff has failed to state a viable claim for negligence under Illinois law. In order to plead a cause of action for negligence, Plaintiff must allege the existence of a duty, a breach of that duty and an injury proximately caused by that breach. *Bajwa v. Metropolitan Life Ins. Co.*, 804 N.E.2d 519, 526 (Ill. 2004). In this case, Plaintiff has failed to establish the requisite duty to support his claim against BAC, and, therefore, his negligence claim should be dismissed.

Plaintiff alleges, as the basis for his negligence claim, that the "Lenders" owed him a general duty of care to, among other things, "refrain from marketing loans they knew or should have known that borrowers could not afford or maintain." (Am. Compl. ¶ 95.) However, as previously discussed in Section D(1), *supra*, this statement directly contradicts well-established Illinois law holding that there is no general duty of care between a lender and a borrower. *See Whitley*, 607 F. Supp. 2d at 902 ("Illinois does not, and would not, recognize a general duty of care owed by lenders to borrowers. . . ."). Moreover, Illinois courts have specifically found that mortgage lenders are under no duty to refrain from making loans simply because they know or

should know that the borrower cannot repay the loan. *See*, *e.g. Northern Trust Co., v. VIII South Michigan Assoc.*, 657 N.E.2d 1095, 1102, (Ill. App. Ct. 1995). Because it is undisputed that the existence of a duty is an essential element of Plaintiff's claim, the lack of such a duty under Illinois law defeats his claim.

        b. *The Moorman Doctrine Bars Tort Recovery for Purely Economic Losses.*

Even if this Court were to find that Plaintiff has properly alleged a cause of action for negligence, his claim still fails because it is barred by the economic loss doctrine set forth in *Moorman Mfg. v. Nat'l Tank*, 435 N.E.2d 443, 449 (Ill. 1982), which bars recovery for purely economic losses like those alleged here. In *Moorman*, the Illinois Supreme Court reasoned that tort law was not intended to compensate parties for monetary losses suffered as a result of duties that are owed to them simply as a result of a contract. *Moorman*, 435 N.E.2d at 450. This is exactly the case here. While Plaintiff claims that he suffered, "non-economic harm," the true nature of his claim is an economic one in nature, premised on purported duties owed to him and based on a purported breach of contract. (*See* Am. Compl. ¶¶ 94-96.) Although there are limited exceptions to the economic loss doctrine, none apply here, and Plaintiff has failed to plead such an exception. Accordingly, the claim for negligence should be dismissed with prejudice.

    (3)    <u>Plaintiff's Fraud Claims Must Be Dismissed.</u>

        a.    *An Assignee Is Not Liable For Fraud Committed By The Assignor.*

Plaintiff's own allegations mandate dismissal of his fraud claims against BAC. Plaintiff alleges that, subsequent to the March 14, 2007 closing on his loan, Countrywide Home Loans, Inc. assigned the loan to BAC. (Am. Compl. ¶¶ 68-69.) Because Plaintiff has not – and cannot – contend that BAC had any involvement in the alleged misconduct, Plaintiff lumps BAC with the loan originators under the title "Lenders" and attempts to impute their alleged conduct onto

BAC. Illinois law is clear that assignees of an allegedly fraudulent mortgage cannot be held liable for the assignor's alleged fraud outside of reviewing the face of the assigned document for apparent defects. *See Jackson v. S. Holland Dodge, Inc.*, 755 N.E.2d 462, 469 (Ill. 2001).

In *Jackson*, a buyer sued the assignee of a car loan for, among other things, consumer fraud. The Court noted that the Federal Truth In Lending Act, 15 U.S.C. § 1601, *et. seq.*, ("TILA") "limits the duty required by *assignees* under the Act to a review of the assigned documents themselves to determine if they contain violations that a reasonable person can spot on the face of those documents." *Id.* at 468. The Court further observed that to hold an assignee liable for fraud, though exempt from liability under TILA, "would impose disclosure requirements on assignees beyond those mandated by federal law. This would frustrate the overarching reasons put forth by Congress in enacting the assignee exemption, *i.e.*, to narrow assignee liability, to make compliance easier for creditors, and to eliminate confusion as to the responsibility of assignees." *Id.* at 469-50; *see also Manuf. & Traders Trust Co. v. Hughes*, 2003 U.S. Dist. Lexis 13186, at *8 (N.D. Ill. July 29, 2003) (dismissing fraud in the inducement and common law fraud counterclaims against assignee).

Plaintiff has not (nor could he) alleged that fraud committed by Countrywide Home Loans, Inc. was apparent on the face of the assigned documents. Instead, Plaintiff seems to premise his fraud claims against BAC based on a dispute regarding whether BAC has proper standing to foreclose on Plaintiff's property. (Am. Compl., ¶ 104.) Accordingly, Plaintiff's fraud claims against BAC, as assignee, are preempted by TILA and must be dismissed.

    b.  *Plaintiff Fails To Plead "Active And Direct" Fraud By BAC.*

To avoid preemption by TILA, Plaintiff would have to allege, and prove, that BAC participated in "active and direct" fraud before the contract was assigned. *See Jackson*, 755

N.E.2d at 470; *see also Pulphus v. Sullivan*, 2004 U.S. Dist. Lexis 13234, at *11-15 (N.D. Ill. July 15, 2004). To sustain a claim for common law fraud, Plaintiff must allege and prove: (1) BAC made a false statement of material fact; (2) which BAC knew or believed to be false; (3) with the intent to induce Plaintiff to act; (4) Plaintiff justifiably relied upon the truth of the statement; and (5) Plaintiff suffered damage from such reliance. *See Time Savers, Inc. v. LaSalle Bank, N.A.*, 863 N.E.2d 1156, 1167 (Ill. App. Ct. 2007) (dismissing conclusory fraud claim). "A claim of fraud must be pleaded with sufficient specificity, particularity, and certainty to apprise the opposing party of what he is called upon to answer. Thus, a plaintiff must at least plead with sufficient particularity facts establishing the elements of fraud, including what misrepresentations were made, when they were made, who made the misrepresentations, and to whom they were made." *Illinois Non-Profit Risk Mgmt. Assoc. v. Human Serv. Ctr. of S. Metro-East*, 884 N.E.2d 700 (Ill. App. Ct. 2008) (dismissing fraud claim) (citations omitted).

Plaintiff has pled no facts in support of any of the elements of his common law fraud claims against BAC. Plaintiff cannot avoid dismissal of his claims by attributing to BAC alleged wrongful acts of other unnamed parties, including the loan originators. Specifically, Plaintiff does not allege any false statement of material fact made to him by <u>BAC</u> – the assignee of his loan – prior to entering into the mortgage contract. Plaintiff has not alleged that BAC ever engaged in any communication with Plaintiff in order to induce him to enter into the real estate transaction. Plaintiff does not specify who at BAC made representations to him, when the representations were made, or what the representations were. *See, e.g., Time Savers, Inc.,* 863 N.E.2d at 1167 (dismissing common law fraud claim where the plaintiff did not specify with any degree of particularity what actual representations were made). Moreover, because Plaintiff failed to allege <u>any</u> false statement made by BAC, he has also failed to plead the remaining

elements of his common law fraud claims. Accordingly, Plaintiff's fraud claims should be dismissed with prejudice.

  (4) <u>Plaintiff's Breach of the Implied Covenant of Good Faith and Fair Dealing Claim Should Be Dismissed Because It Is Not a Legally-Recognizable Claim.</u>

A claim of "breach of good faith and fair dealing," is not a legally recognized cause of action in Illinois, either in tort or contract. Therefore, Plaintiff's claim should be dismissed with prejudice. While Illinois courts recognize the implied covenant of good faith and fair dealing with respect to Illinois contracts, "such a covenant is not recognized as an independent source of duties giving rise to a cause of action in tort." *Voyles v. Sandia Mortg. Corp.*, 751 N.E.2d 1126, 1130-31 (Ill. 2001) (citations omitted). While recognizing that every contract in Illinois implies good faith and fair dealing, such duty of good faith and fair dealing is simply a derivative principle of contract law. *Resolution Trust Corp. v. Holztman*, 618 N.E.2d 418, 424 (Ill. App. Ct. 1993); *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1443-1444 (7th Cir. 1992). Illinois law does not recognize independent claims based on breaches of any implied duties of good faith. *Echo, Inc. v. Whitson Co., Inc.*, 121 F.3d 1099, 1105-1106 (7th Cir. 1997). As noted by the Seventh Circuit Court of Appeals in *Echo*, "the obligation of good faith, therefore, creates neither a cause of action in tort, nor its own *sui generis* cause of action." *Id*. at 1106; *see also Daredia v. Gold & Diamond Merchs. Group, Inc.*, 1999 U.S. Dist. LEXIS 16199, at *18 (N.D. Ill. Sept. 30, 1999) (proper place for a breach of good faith and fair dealing claim is within a contract claim); *Cobb-Alvarez v. Union Pac. Corp.*, 962 F. Supp. 1049, 1054 (N.D. Ill. 1997) ("Illinois does not recognize a breach of good faith and fair dealing cause of action, apart from a breach a [sic] contract claim"); *Harris v. Adler School of Prof. Psychology*, 723 N.E.2d 717 (Ill. App. Ct. 1999) ("there is not a cause of action for breach of an implied provision of good faith in Illinois").

Accordingly, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed with prejudice.

(5) <u>Plaintiff's Claim for Rescission Under TILA Should Be Dismissed.</u>

a. *Based Upon The Notice Of Right To Cancel Signed By Plaintiff, Plaintiff's Claim For Rescission Expired On March 17, 2007.*

Plaintiff's time to bring his rescission claim has expired, and, therefore, should be dismissed, with prejudice. Plaintiff alleges that the "Lenders" failed to "[c]learly and conspicuously disclose the Plaintiff's right to rescind the transaction" and "[c]learly and conspicuously disclose how to exercise the right to rescind the transaction" (*See* Am. Compl., ¶ 114.) That is directly contradicted by the Notice. The Notice – which Plaintiff signed – not only conspicuously states the date that the right to cancel would expire ("03/17/2007"), but also conspicuously states that Plaintiff "may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below" and send to "Countrywide Home Loans, Inc., 6400 Legacy Dr., Plano, TX 75024." (A copy of the Notice of Right to Cancel, signed by Anthony Pendolino, is attached as **Exhibit A**.)[2]

Plaintiff was, therefore, properly informed of his right to cancel and how to exercise that right and had until March 17, 2007, to exercise that right pursuant to FRB regulations. 12 C.F.R. 226.23(a)(3). Plaintiff's failure to do so within the time permitted by law requires dismissal of his claim.[3] Further, because Plaintiff's right to rescission expired, so too does any claim made by Plaintiff that BAC violated 15 U.S.C. Section 1635(b).

---

[2] While a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is limited to the allegations in the pleadings, documents attached to a Motion to Dismiss, such as Exhibit A, are considered part of the pleadings if they are referred to in the complaint and are central to the plaintiff's claim. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

[3] Plaintiff fails to allege when he actually attempted to rescind the loan, but even assuming that the September 17, 2010 filing of his original Complaint constitutes a valid notice of rescission, [Dkt. # 1], it is still well after the expiration of the statutory period for bringing a rescission claim under TILA.

   b. *Plaintiff's Claim for Rescission Should Be Dismissed Because Plaintiff Has Failed To Allege A Willingness Or An Ability To Tender Back The Funds He Received.*

Plaintiff's claim for rescission should also be dismissed because he has failed to allege an ability or willingness to tender back the funds he received from Countrywide Home Loans, Inc. A borrower's failure to allege a willingness and ability to tender back the funds to a lender warrants immediate dismissal. *Tulumbuta v. Wilmington Fin., Inc.*, 2010 WL 1791271, at *2 (N.D. Ill. May 3, 2010) (finding that debtor must allege willingness and ability to tender back or else he will not be entitled to rescission); s*ee also Edelman v. Bank of Am. Corp.*, 2009 WL 1285858, at *2 (C.D. Cal Apr. 17, 2009); *Garza v. Am. Home Mortg.*, 2009 WL 188604, at *4-5 (E.D. Cal. Jan. 27, 2009); *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171-73 (9th Cir. 2003).

Here, Plaintiff was provided with a substantial loan, but Plaintiff has failed to allege a willingness, let alone an ability, to tender back the full amount he received. (*See generally* Am. Compl.); *AFS Fin., Inc. v. Burdette*, 105 F. Supp. 2d 881 (N.D. Ill. 2000) (finding that courts may impose conditions that are equitable given surrounding circumstances). Accordingly, because Plaintiff has failed to allege a willingness or an ability to tender back the money he received, Plaintiff's TILA claim for rescission should be dismissed with prejudice.

   c. *Plaintiff's Argument For Equitable Tolling Of TILA's Right To Rescind Fails.*

Despite Plaintiff's extensive discussion regarding the "due diligence" that he allegedly undertook to learn of the purported fraud (Am. Compl. ¶¶ 81-85), Plaintiff fails to recognize that the three-year statute of limitations period after the loan closing is not merely the amount of time within which the right to rescission must be asserted, but is actually a time limit for the existence of the right itself. Plaintiff's rescission claim, therefore, is not subject to a statute of limitations,

but rather to a statute of repose. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998). A statute of repose is substantive; thus, when the statutory time period has passed, the cause of action is extinguished. *Id.* In *Beach*, the United States Supreme Court squarely addressed the meaning of the three-year limitation in 15 U.S.C. § 1635(f), as follows:

> The "ultimate question" is whether Congress intended that "the right shall be enforceable in any event after the prescribed time, and in this instance, the answer is apparent from the plain language of § 1635(f).
> …
> Section 1635(f) . . . takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing the action but instead provides that the "right of rescission [under the Act] shall expire" at the end of the time period. **It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous.** There is no reason, then, even to resort to canons of construction that we use to resolve doubtful cases, such as the rule that the creation of a right in the same statute that provides a limitation is some evidence that the right was meant to be limited, not just the remedy.

*Beach*, 523 U.S. at 416-17 (emphasis added). Because 15 U.S.C. § 1635(f) provides in such absolute terms that the right of rescission shall expire after three years, 15 U.S.C. § 1635 bars not just the bringing of a suit for rescission, but extinguishes completely the right to rescind. *Id.* Plaintiff's claim for rescission under TILA should therefore be dismissed with prejudice because Plaintiff's loan closed on March 14, 2007, (Am. Compl. ¶ 4), but he did not file his lawsuit until September 17, 2010, [Dkt. #1], which is well after the statutory three-year period for bring a TILA rescission claim.

    (6)    <u>Plaintiff's TILA Claim, To The Extent It Seeks Damages, Should Be Dismissed Because TILA's One-Year Statute Of Limitations For Damages Expired Before Plaintiff Filed His Amended Complaint.</u>

Plaintiff's claims for monetary damages under TILA are also time-barred. Statutory damages under TILA are governed by 15 U.S.C. § 1640(e), which states in relevant part: "Any action under this section may be brought in . . . within one year from the date of the occurrence

of the violation." The loan closed on March 14, 2007 (Am. Compl. ¶ 4); however, Plaintiff did not file his Amended Complaint until October, 2010, (*see generally* Am. Compl.), which is well past the one year period for bringing statutory damages under TILA. *See Jenkins v. Mercantile Mortg. Co.*, 231 F. Supp. 2d 737, 745 (N.D. Ill. 2002) ("A credit transaction is consummated for the purposes of TILA when the plaintiffs become contractually obligated on a credit transaction, in this case, the consummation being the closing of the loan."). Accordingly, Plaintiff's TILA claim, to the extent it seeks damages (in addition to his claim for rescission), should be dismissed with prejudice.

  (7) <u>Plaintiff's IIED Claim Fails Because Plaintiff Has Not Alleged "Extreme and Outrageous" Conduct.</u>

Plaintiff's final cause of action alleges that the "Lenders" intentionally inflicted emotional distress ("IIED") upon him, but again, fails to state how <u>BAC</u> did as much. (*See* Am. Compl. ¶¶ 117-123.) In order to sustain a cause of action for IIED, a plaintiff must establish the following: (1) the conduct involved is truly extreme and outrageous; (2) the actor either intends that his or her conduct would inflict severe emotional distress, or knows that there is at least a high probability that his or her conduct will cause severe emotional distress; and (3) the plaintiff must actually suffer severe emotional distress caused by the defendant's conduct. *Benitez v KFC Nat'l Mgmt. Co.*, 714 N.E.2d 1002 (Ill. App. Ct. 1999).

The tort of IIED attempts to draw a line between the slight hurts which are the price of living in a complex society, and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility. *Knierim v Izzo*, 174 N.E.2d 157 (Ill. 1961); *see also Welsh v Commonwealth Edison Co.*, 713 N.E.2d 679 (Ill. App. Ct. 1999) (complaint alleging "anxiety, humiliation," and "extreme and severe emotional distress," but lacking factual allegations from which the level of severity of the emotional distress can be inferred, is insufficient); *Farnor v*

*Irmco Corp.*, 392 N.E.2d 591 (Ill. App. Ct. 1979) (weeping constantly and being distraught for a day, being nervous and exhausted for several days, and suffering the aggravation of a pre-existing ulcer, does not constitute the severe upset sufficient to support a cause of action for IIED). Indeed, the tort of IIED distress is reserved for conduct that is especially abusive and atrocious, and liability is found <u>only</u> where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

Plaintiff has alleged no facts that support his contention that BAC's conduct was "extreme and outrageous," that BAC intended to inflict severe emotional distress or knew that there was a high probability that its conduct would do so, or that its conduct actually caused him any emotional distress. Moreover, the alleged actions stated in his IIED claim do not come close to amounting to "conduct that is especially abusive and atrocious" or that goes "beyond all possible bounds of decency." Instead, what Plaintiff has done is simply proffer before the Court a myriad of conclusory statements in hopes of surviving BAC's motion to dismiss. Moreover, Plaintiff again lumps BAC into this amorphous group of "Lenders." (*See* Am. Compl., ¶¶ 117-123.) Accordingly, Plaintiff's IIED claim fails, and should be dismissed with prejudice.

## III. CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendant BAC Home Loans Servicing, LP respectfully requests that this Court: (1) grant their Motion to Dismiss Plaintiff's First Amended Complaint in its entirety; (2) dismiss all Plaintiff's claims with prejudice; and (3) order such other and further relief as is just and necessary.

| | |
|---|---|
| Dated: November 11, 2010 | Respectfully submitted, |
| | BAC HOME LOANS SERVICING, LP |
| | By: /s/ Steven R. Smith<br>  One of Its Attorneys |

Steven R. Smith, #3128231
Michael J. Werich, #6294060
BRYAN CAVE LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
(312) 602-5000 (tel)
(312) 602-5050 (fax)
srsmith@bryancave.com
michael.werich@bryancave.com

## **CERTIFICATE OF SERVICE**

I, Steven R. Smith, an attorney, certify that I filed the foregoing document via the Court's ECF system, and caused a copy of same to be served on the following individual below, via U.S. Mail, on this the 11th day of November, 2010:

> Anthony Pendolino
> 615 N. Brainard
> Naperville, Illinois  60563

>  /s/ Steven R. Smith
>   Steven R. Smith